Matter of the Petition of JOSEPH M. MOORE, ALBERT M. SHUTTS and FRANK M. CLARK to Vacate, Cancel and Revoke the Certificate of Nominations Filed in the Town Clerk's Office of the Town of Sidney, for the Republican Party for Town Officers.

(Supreme Court, Otsego Special Term, September, 1919.)

**Election Law — who entitled to vote at primaries for town officers — misdemeanor — Penal Law, § 751.**

> All *bona fide* members of the Republican party, whether enrolled or unenrolled, may vote at a caucus or primary for the purpose of nominating town officers in the absence of rules or regulations of the county committee relating to the qualification of voters. No enrolled member of any other political party, or any person who, having voted at the political caucus or primary election of any other political party on the same day, or while his name was, by his consent or procurement,

upon the rolls of a party organization of another party, has any right to vote at said caucus or primary.

All proceedings taken at the caucus or unofficial Republican primary held August 28, 1919, in the town of Sidney, Delaware county, including the nomination of town officers, set aside as null and void, and a new caucus directed to be called to which the decision herein should be applied.

RETURN of an order to show cause.

Sewell & France (Henry B. Sewell, of counsel), for petitioners.

O'Connor & O'Connor (Charles R. O'Connor, of counsel), for respondents.

KELLOGG, A. L., J. This is the return of an order to show cause, granted upon the petition of Joseph M. Moore, Albert M. Shutts and Frank M. Clark, to have vacated and revoked the certificate of nominations filed in the town clerk's office of Sidney, in the county of Delaware, for the Republican party, for town officers. The petitioners are residents of and enrolled voters of the Republican party in and for the said town of Sidney. A complete ticket for town officers was placed in nomination at a caucus or unofficial Republican primary held at the Municipal Hall, in the village of Sidney, on the 28th day of August, 1919, at two o'clock in the afternoon of that day, which was duly called pursuant to statute.

It appears that the primary was called to order by the chairman of the committee making the call, and that Herbert C. Kibbe was elected as the presiding officer, and William Thorpe as secretary of the same. Tellers were also duly chosen, and thereupon the said primary proceeded to make nominations. Candidates for the offices of supervisor, town clerk and superintendent of highways were chosen by ballot. The nominations for all of the other candidates for town

offices were made by acclamation. Before the primary
Henry B. Sewell, representing the petitioners, made
inquiry of the presiding officer as to who were to be
permitted to vote and as to how and in what manner
the ballots cast were to be taken. The presiding
officer thereupon announced that any person who was
willing to support the candidate at election was enti-
tled to vote in said primary. This ruling was duly
objected to by Mr. Sewell, and section 17 of the Elec-
tion Law, with respect to the qualifications of voters
at primaries, was read in the hearing of the chairman
of the primary and of the 300 or 400 people present.
Objection was also made by Mr. Sewell to any vote
being received for the nomination of candidates from
any person whose name did not appear on the
enrolled list of voters for the town of Sidney as a
Republican, and he thereupon produced a certified
copy of such an enrollment list and demanded that
no one be allowed to vote who was not an enrolled
Republican.

Ballots were thereupon taken successively for the
offices of supervisor, town clerk and superintendent
of highways, and the clerks kept a record of the
names of the persons who voted for each of such
offices respectively.

By said record it appears that 336 votes were cast
for the office of supervisor and that one of the peti-
tioners, Joseph M. Moore, received 141 votes, and
Arthur B. Martin, one of the respondents, 193 votes.
That about 132 of the votes cast for all of the several
candidates nominated by ballot were voted by per-
sons whose names were not enrolled as Republicans.
That from 20 to 30 votes were received from enrolled
Democrats, about 9 from enrolled Prohibitionists and
about 93 from individuals who were not enrolled as
members of any party.

For the reasons stated the petitioners have asked that the certificate of nominations filed in the town clerk's office, resulting from said primary, be vacated and revoked and a new caucus called.

Sections 2, 17, 19 and 45 of article 1 of the Election Law provide as follows:

" § 2. *Application. Except* as otherwise herein provided, articles two, three, four and four-a of this chapter shall be controlling:

" 1. On the method of enrolling the voters of a party.

" 2. On the organization and conduct of party committees.

" 3. On the method of electing members of state and county committees, and delegates and alternates to national party conventions.

" 4. On the nomination by parties of all candidates for offices authorized to be filled at a general election, *except town, village and school district officers.* (As added by chap. 891, Laws of 1911, and amended by chap. 820, Laws of 1913.)

" § 17. *Use of duplicate enrollment books at unofficial primaries.* At all unofficial primary elections of a party, the certified copy of the enrollment books * * * shall be used, and no voter shall be allowed to take part in such primary election as a resident of an election district, unless his name is upon the certified copy of the enrollment book for that district, showing that he is enrolled with the party in whose primary election he seeks to participate.

" § 19. *Right to enroll and vote at primaries.* No voter who has once enrolled in a political party shall be permitted to enroll in another political party before the first day of the next registration. Only voters enrolled as provided in this article shall be entitled to participate in the official primary elections

of their respective parties. No voter shall take part in any primary election of any party other than the party in which he shall at the time be enrolled.

" § 45. *Direct nomination of candidates for public office.* Party nominations for all offices to be filled at a general election, except town, village and school district offices and electors of the president and vice-president of the United States, shall be made at the fall primary next preceding such general election by the enrolled voters of the party as in this chapter provided. *Nominations of party candidates for town, village and school district offices shall be made in the manner prescribed by the rules and regulations of the county committee of the county wherein such town, village or school district is located.* Nominations of party candidates for city offices to be filled at an election held at a different time from the general election shall be made directly at unofficial primaries by enrolled party voters.

" Nothing contained in this chapter shall prevent a party from holding party conventions, to be constituted in such manner, and to have such powers in relation to formulating party platforms and policies and the transaction of business relating to party affairs, as the rules and regulations of the party may provide, not inconsistent with the provisions of this chapter. Delegates to any such convention and members of party committees, other than members of state and county committees, shall not be chosen at official primaries or otherwise at public expense. (Added by chap. 891, Laws of 1911, and amended by chap. 820, Laws of 1913, and chap. 5, Laws of 1914.) "

It is contended in behalf of the respondents that articles 2, 3, 4 and 4-a of the Election Law have no application to town primaries, and that the same are

expressly exempted from the operation thereof by virtue of the provisions of section 2 of the Election Law. That no ruling of the county committee of the county of Delaware, wherein the town of Sidney is located, limits the right of any person to vote at a Republican primary. That, in order to review the action of a primary in nominating town officers, it was necessary for the person seeking to so review the same, to have challenged or caused to be challenged each voter as he presented his ballot; and that in the absence of a ruling promulgated by the county committee, with respect to the qualifications of voters, at any such primary, and limiting the same to enrolled Republican voters, the custom in said county which in nowise limits the persons who may vote at a town primary of the Republican party must obtain. That the provisions of the Primary Law have no application to town caucuses.

It is doubtless true that subdivision 4 of section 2 of article 1 of the Election Law excepts town, village and school district primaries from the provisions of the General Election Law, that is, it opens the door for members of a party to vote at a town primary, although not enrolled as such.

Section 45 of the General Election Law provides that nominations of party candidates for town, village and school district offices shall be made in the manner prescribed by the rules and regulations of the county committee of the county wherein such town, village or school district is located.

This section is made all the more definite and certain by the provision which follows in the same section, to wit, nominations of party candidates for city offices to be filled at an election held at a different time from the general election shall be made directly at unofficial primaries by enrolled party voters.

Supreme Court, September, 1919.          [Vol. 108.

Therefore, the power is conferred upon the county committee of all parties of a county to prescribe the manner in which party candidates for town, village and school district offices shall be made.

So far as appears in the record, no rules have ever been promulgated by the Republican county committee of the county of Delaware which require voters at Republican town primaries to be enrolled as such, nor have any rules ever been made by said committee which are applicable to either official or unofficial primaries or caucuses.

One of the propositions, then, for determination here is, must an individual who offers his vote at a caucus or primary for the nomination of town or village officers be an enrolled voter of the party holding the same? In the absence of rules or regulations promulgated by its county committee, is the town caucus or primary called unofficial, and is it governed by section 17 of the Election Law? If not governed by section 17, what poll is to be used, if any, in checking the voters at a town or village primary?

The rules and regulations of the party can doubtless prescribe that such officers be nominated by an unofficial primary, and under such circumstances section 17 of the Election Law would apply, and certified copies of the enrollment books should be used.

The rules and regulations of the party may also prescribe that such officers may be nominated by what is termed as a town caucus. If nominated by this method, the members of a party, whether enrolled or not, may vote, and in any such case a list of the names of voters should be kept by the officers having charge of the same.

The law regarding the nominations of town officers is so broad and liberal as to permit an assemblage of voters of the party to nominate by ayes and noes, or

by a division of the assemblage, or by a standing vote. However, no committee of a party, either county or otherwise, would have it within its power to prescribe a rule or regulation which would permit enrolled voters or members of any other political party to take part therein. Any such rule would be expressly contrary to the purpose of the legislature in enacting these statutes for the protection of a political party in holding its primaries, either official or unofficial.

In view of past experience, and the charge and countercharge of packed caucuses, it was the intent to so surround the caucus or primaries of all political parties with such safeguards as would permit a full, complete and fair expression of the members thereof with respect to any matter under consideration, including the nominations of candidates for office, whether town, village, county or state.

Beyond question, in construing these several provisions of the Election Law, the chairman of the primary in question acted in good faith when he made his ruling that all persons who intended to support a party candidate might participate in said primary. However, in so construing the law he was far too liberal and inadvertently fell into error.

It would doubtless have been better practice to have made objection to enrolled voters or members of other parties voting for candidates therein as each such voter offered the same to the clerk. But, owing to the form of the objection made, and of the ruling of the chairman in relation thereto, I am of the opinion the petitioners are fairly entitled to raise the question here.

It does not seem to be in dispute that the chairman said, in making his decision, that any person who was willing to support the candidate at election was enti-

tled to vote at said primary, which was erroneous and far too generous as applied to these provisions of the Election Law.

While it appears that the majority of the successful candidate for supervisor was greater than the entire number of votes cast by enrolled voters of other parties, yet that fact so permeates the entire record, as well as the proceedings and morale of the caucus or primary, that I am of the opinion that all of the action taken thereat, including the nomination of town officers, should be set aside as null and void; that a new caucus should be called for the Republican party in and for the town of Sidney.

It may not be so important what the result is at the election for town officers which is to follow, or what candidate may succeed, but it is of the utmost importance that a caucus or primary may be held which is free from the taint of illegal and unlawful voting therein by the members of other political parties.

A new primary will permit all of those who were declared successful in the caucus in question to take part therein and have the same opportunity as all other members of the Republican party to be candidates in good faith.

I am of the opinion that all *bona fide* members of the Republican party, whether enrolled or unenrolled, may have lawfully voted at said caucus or primary for the purpose of nominating the town officers in question, in the absence of rules or regulations promulgated by the Republican county committee of the county of Delaware, relating to the qualification of voters thereat.

At least it was doubtless within the power of said caucus or primary, when lawfully convened, in the absence of regulations by a party committed to so determine.

It is very clear that no enrolled member of any other political party, or any person who, having voted at the political caucus or primary election of any other political party on the same day, or while his name was, by his consent or procurement, upon the rolls of a party organization of another party, had any right to cast a vote at said caucus or primary. In so doing he subjected himself to the provisions of section 751 of the Penal Law and committed a misdemeanor.

The foregoing determination may be applied to the caucus or the primary which I have herein directed to be called.

Ordered accordingly.