In the Matter of the Petition of FRANK SCOTT, Appellant, Respecting the Validity of the Republican Town Caucus in and for the Town of Hanover.

CLAUDE L. NEWMAN et al., Respondents.

**Elections — rules for nominations for town, village and school district offices — when appeal in proceeding to have town primary election declared illegal will be dismissed on ground that question presented is academic.**

1. Rules adopted by a county committee, pursuant to section 45 of the Election Law, prescribing the manner in which nominations for town, village and school district offices shall be made, are controlling

throughout the county and are not subject to alteration or modification by the town committee.

2. Where upon appeal in a proceeding to have a town primary election declared illegal and void and a new primary election held the record discloses that individuals nominated at such primary were thereafter elected at the general election and are performing the duties of the offices to which they have been declared elected, but are not parties to the proceeding, the question presented is academic and the appeal will be dismissed.

*Matter of Scott*, 189 App. Div. 926, appeal dismissed.

(Argued February 24, 1920; decided March 16, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 18, 1919, which reversed an order of Special Term declaring invalid and ordering canceled a caucus or primary held in and for the town of Hanover and directing the holding of a primary in place of the one declared invalid.

*Thomas H. Larkin* for appellant.

*William S. Stearns* for respondents.

*Per Curiam.* Section 45 of the Election Law (Cons. Laws, ch. 17) provides: " Nominations of party candidates for town, village and school district offices shall be made in the manner prescribed by the rules and regulations of the county committee of the county wherein such town, village or school district is located." The Republican county committee of Chautauqua county duly adopted rules for the government of town caucuses or primaries in said county. The rules provided that the members of the county committee elected from the election districts of a town shall constitute a town committee for such town; prescribed the qualifications of voters at a town caucus or primary, the method of voting thereat, the procedure as to notice of the time and place of holding the primary election, the return of votes cast thereat, etc., which rules were in effect during the year 1919. On July 30, 1919, four members of the county committee, residents of the town of Hanover, one of the towns of Chautauqua county, convened as a town committee and adopted resolutions relating to the primaries to be held in said town. Certain

resolutions so adopted were in conflict with the rules adopted by the county committee, particularly with reference to the persons entitled to vote at primary elections to be held in said town. Resolutions were also adopted relating to a primary election in said town in addition to the rules adopted by the county committee.

The primaries in the town of Hanover were held on September 2, 1919, and conducted pursuant to the rules or resolutions of the town committee. The petitioner was a candidate for nomination to a town office. Asserting that by reason of the enforcement of rules adopted by the town committee a large number of legal voters in the town were denied the right to vote at the primary election and that in other important particulars the rules of the town committee enforced were in conflict with the rules of the county committee the petitioner instituted this proceeding to have said primary declared illegal and void and a new primary election held. The Special Term granted the relief prayed for. The Appellate Division reversed the order and held that the action of the inspectors in refusing to receive ballots at said primary should not have been reviewed in the absence of notice to them or in some manner bringing them into the proceeding — further that the primary election should not have been set aside without notice of the proceedings to the persons nominated or elected at such primary. The petitioner appeals to this court.

The rules adopted by the county committee pursuant to section 45 of the Election Law in prescribing the manner in which nominations for town, village and school district offices should be made, were controlling throughout the county of Chautauqua and were not subject to alteration of modification by the town committee. In the instant case certain rules were adopted and enforced by the town committee of the town of Hanover which were in conflict with the rules of the county committee, but in view of our determination as stated and the further conclusion reached it will be unnecessary to specify in detail such conflict.

Any determination we might make in favor of appellant would not result in relief to him. The record discloses that certain individuals were nominated at the primaries and thereafter elected at the general election held in November, 1919. Such persons are now performing the duties of the offices to which they have been declared elected. None of such individuals are parties to this proceeding which was instituted solely against the chairman and secretary of one of the primaries held in the town. If such individuals have intruded into a public office or are exercising the duties of an office to which they were not legally elected, the remedy against them is not in a proceeding like the present one to which they are not parties, but rather by action instituted by the state against such parties. The question presented here is academic and the appeal must be dismissed, without costs.

HISCOCK, Ch. J., COLLIN, HOGAN, POUND, McLAUGH-LIN, ANDREWS and ELKUS, JJ., concur.

Appeal dismissed.