In the Matter of the Application of JOHN CLARY, as Chairman of the Democratic Village Committee of Seneca Falls, New York, Petitioner, *v.* JOHN C. HUMPHREY, as Clerk of the Village of Seneca Falls, Defendant.

Supreme Court, Seneca Special Term, March 9, 1925.

Elections — nominations — village offices — proceeding pursuant to Election Law, § 330, subd. 2, to determine which of two sets of candidates for village offices are regular nominees of Democratic party — certificate of nominations, made at village caucus in accordance with village practice of forty years' standing, filed same day as certificate listing similar nominations made by Democratic village committee — Election Law, § 131, subd. 5, requires that party nominations of candidates for village offices shall be made in manner prescribed by rules of county committee — in absence of rule, statute permits said nominations to be made in keeping with existing practice in county — rule of Democratic county committee permitted village committee to make nominations upon designation of dates of meetings before nominations by chairman of said county committee — village committee without power to nominate candidates in absence of action by chairman of county committee — nominations made at village caucus are proper and regular and certificate thereof should be recognized.

Subdivision 5 of section 131 of the Election Law providing that party nominations of candidates for village offices in any county shall be made as prescribed by

the rules of the county committee, in the absence of which, nominations for such offices may be made in accordance with the existing practice in the county, does not permit the Democratic village committee of the village of Seneca Falls to make nominations for village offices in said village, where the rules of the Democratic county committee of the county of Seneca only permit village committees to make party nominations upon the action of the chairman of the said county committee in designating dates of the meetings of the village committees for such purpose. Moreover, in the absence of the action of the county chairman of the said county committee in designating a date for a meeting of the said village committee to make nominations for village offices, the action of the said village committee in nominating candidates for village offices is void and without effect.

Accordingly, a proceeding pursuant to subdivision 2 of section 330 of the Election Law to determine which of two sets of candidates for village offices are regular nominees of the Democratic party in the village of Seneca Falls, the nominations, made at a village caucus in keeping with the practice of forty years' standing, are the regular nominations of the Democratic party and a certificate filed by the officers of the said caucus must be recognized, where it appears that the notice of a caucus was duly given, that it was attended by a large number of electors and that the names of the candidates nominated for the various village offices were duly filed in the office of the village clerk.

PROCEEDING to determine which of two sets of candidates for village offices are the regular nominees of the Democratic party.

*William H. Hurley,* for the petitioner.

*William S. MacDonald, Village Attorney,* for the defendant.

CUNNINGHAM, J.:

Two certificates of nominations of candidates for village offices purporting to have been made by the Democratic party have been filed in the office of the village clerk. This proceeding instituted by the chairman of the village committee to determine the validity of the certificates is authorized by the Election Law (§ 330, subd. 2).

It has been the practice of the Democratic party of the village of Seneca Falls for upwards of forty years to nominate candidates for village offices at a caucus called by the chairman of the caucus of the preceding year. In accordance with this custom, notice of a caucus was duly given and published and at the time and place specified the caucus was held and attended by a large number of electors and candidates for the various offices of the village were nominated. Thereafter a certificate of such nominations was filed in the office of the village clerk. On the same day a certificate was filed certifying to similar nominations made by the Democratic village committee of the village of Seneca Falls, which certificate stated that it was signed and executed by a majority of such village committee.

The Election Law (§ 131, subd. 5) provides " that party nominations of candidates for   *   *   *   village offices, in any county,

shall be made in the manner prescribed by the rules of the county committee * * *. In the absence or until the adoption of such a rule, nominations for such offices may be made in accordance with the existing practice in the county."

The question to be determined, therefore, is whether there is in effect a rule of the county committee providing for the nomination of candidates for village offices. The petitioner claims that there is such a rule and that it has been followed. The rules of the Democratic county committee were adopted in 1914, and have not since been amended or changed. The rules provide for a village committee in each village and that such committee shall " make party nominations of village officers to be voted for at a general or special village election." The rules further provide: " The chairman of the county committee shall designate the dates of the meetings for the nomination of candidates for town and village officers, and shall notify the several chairmen of the various town and village committees of said date. All said meetings to nominate shall be held at the same time and hour in the various towns and villages."

Although these rules were adopted in 1914, candidates for village offices in the county of Seneca have not been nominated by village committees, but the previous custom of nominating them at a caucus has been followed. It seems to me that the rule giving the village committees the power to make party nominations was dependent upon the action of the chairman in designating dates of meetings of the village committees for such purpose and that it was intended that this rule should not become effective without action of the chairman of the county committee. The practical construction given to this rule by the officers and members of the county committee bears out this interpretation. The rules adopted by the county committee could not be altered by action of the village committee. (*Matter of Scott*, 228 N. Y. 566.)

I am, therefore, of the opinion that the provision of the rules giving power to the village committee to make nominations was not intended to become effective until action thereon had been taken by the chairman of the county committee and that as such action has not been taken such rule is not in force and effect. I must hold, therefore, that the village committee was without power to nominate candidates for village offices, that its purported action is void and that the certificate filed by it should not be recognized.

There being in effect no rule of the county committee providing for the nomination of candidates for village offices, nominations therefor were authorized to " be made in accordance with the existing practice in the county." As the caucus was held in accord-

ance with the existing practice, the nominations made thereat are the nominations of the Democratic party and the certificate filed by the officers of the caucus must be recognized and the names of the candidates appearing therein printed on the ballot to be prepared by the village clerk.

An order may be entered in accordance herewith.