510

In the Matter of the Petition of ANTONIO G. WALDO to Vacate, Cancel and Revoke the Certificate of Nominations Filed in the Office of the Village Clerk of the Village of Canastota, Madison County, N. Y., for the Republican Party for Village Officers.

Supreme Court, Madison County, March 6, 1931.

*Antonio G. Waldo*, petitioner, in person.

*R. D. Woolsey, Clarence E. Conley* and *John L. Robertson*, for the respondents.

PERSONIUS, J. The petitioner seeks to have the certificate of nomination for village officers of the village of Canastota vacated and the caucus held February 23, 1931, declared void, on the principal ground that electors who were not enrolled were permitted to· vote.

The Madison County Republican Committee Rule 10 provides, in substance, that such nominations shall be made at a caucus " of the enrolled Republican electors " of the village; it also provides that local committees may change the method of making nominations, and make additional rules governing said nominations and the conduct of the caucus, not in conflict with the county committee rules or the law. Prior to the caucus the Republican village committee adopted a rule to the effect " that all *bona fide* members of the Republican party in such village, whether enrolled or not * * * may lawfully vote at said caucus.'

Which of these rules, if either, governs?

We hold that the rule adopted by the village committee does not govern. Where the county committee has adopted a rule prescribing that only enrolled electors may vote, such rule is controlling throughout the county and not subject to modification by the local committee. (*Matter of Scott*, 228 N. Y. 566.) The Election Law provides that the county committee shall make the rules governing the nomination of village officers (Election Law, §§ 131–143); this authority cannot be delegated by the county committee to a local committee.

We also hold that the rule of the county committee was adopted without legislative authority and is, therefore, not controlling.

Section 131 of the Election Law, subdivision 5 (as amd. by Laws of 1926, chap. 342), provides that party nominations of candidates for village offices shall be made in the manner prescribed by the rules of the county committee, if any. However, section 143 provides: " No person shall participate in such an unofficial primary in a *city* unless he is an enrolled party voter * * * and the rules of the county committee in which the town is located may make the same requirement with respect to a caucus for the nomination of candidates for *town* offices."

The Legislature having provided that only enrolled party voters may participate in a *city* primary and that a county committee may make the same requirements with respect to a *town* caucus,

and the Legislature having failed to provide that only enrolled party voters can participate in a *village* caucus, and having failed to provide that the county committee may make such requirements with respect to a village caucus, it is a fair inference that the Legislature did not intend to require, or to permit the county committee to require, that an elector must be enrolled in order to participate in a *village* caucus. Evidently it was the intent of the Legislature to permit any elector affiliated with a particular party, whether enrolled or unenrolled, to vote at its village caucus. True, section 143 also authorizes the county committee to prescribe rules governing the conduct of both town and village caucuses, but such authority is " subject " to the earlier provisions of the section. If the Legislature had intended by the last sentence of section 143 to authorize the county committee to limit participation in all caucuses to enrolled voters, it would have been unnecessary to insert earlier in the section the express provision authorizing such committee to make such limitation with respect to town caucuses.

We do not think the Legislature intended to authorize any committee to limit participation in village caucuses to enrolled electors; the section, as a whole, evinces a contrary intent. The authorities cited by petitioner involve town, not village, caucuses.

The fact that by custom one trustee has been nominated from each ward, and that the office to be filled is described in the certificate as " Trustee 1st Ward " and " Trustee 2nd Ward " does not vitiate either the caucus or the certificate. As a matter of fairness and to insure representation from all sections of the. village the practice has been to nominate a resident of each ward for the office of trustee, but he is nominated for the village at large in a caucus of the entire village and elected by the village at large by the electors of the entire village.

The petitioner's objection was sufficiently raised. The chairman of the village committee was, in effect, the temporary chairman of the caucus. It was necessary to determine who were qualified voters before voting for a permanent chairman. The objection having been exhaustively raised at the outset, it was not necessary to object to each allegedly disqualified voter. (*Matter of Moore*, 108 Misc. 570.)

There is no suggestion of fraud; no suggestion that any one was prevented from voting; if any elector refrained from voting it was from choice, not because of any hindrance on the part of the village committee or caucus officials. Out of a total of 320 ballots cast 261 were cast by enrolled Republicans and 59 by unenrolled. The trustees were unanimously nominated. The

successful candidate for mayor received a majority of 151.   Assuming that all the unenrolled electors voted for the successful candidate, and eliminating them, he still received 173 votes as against 81 for his opponent.   Under similar circumstances, it has been held that the caucus should, nevertheless, be held void.   (*Matter of Moore, supra.*)   In that case enrolled members of *other* parties were permitted to vote.   The contrary has been held in at least one unreported case.   We are required to summarily determine this matter " as justice may require."   We may reassemble the caucus in case of fraud and irregularities making it impossible to determine who was rightfully nominated.   In the absence of fraud and in view of the very substantial majority of the successful candidates we do not think this certificate should be set aside, even though we hold (as we do not) that the ballots of unenrolled Republicans were illegally received.

The petition should be dismissed.