COUNTY OF MONROE, Appellant-Respondent, *v.* TOWN OF BRIGHTON, Respondent-Appellant.

COUNTY OF MONROE, Appellant-Respondent, *v.* TOWN OF IRONDEQUOIT, Respondent-Appellant.

COUNTY OF MONROE, Appellant-Respondent, *v.* TOWN OF PITTSFORD, Respondent-Appellant.

Fourth Department, November 22, 1944.

*Harry Rosenberg, Monroe County Legal Adviser,* attorney for plaintiff-appellant and respondent County of Monroe.

*Theron Robinson,* attorney for defendant-respondent and appellant Town of Brighton.

*Robert W. Lochner,* attorney for defendant-respondent and appellant Town of Irondequoit.

*Franklin H. Smith,* attorney for defendant-respondent and appellant Town of Pittsford.

McCURN, J. The unpaid taxes in the defendant Towns in Monroe County became very substantial in amount due to special improvement assessments. The County was responsible to the Towns for the collection of such taxes. (*Town of Amherst v. County of Erie,* 260 N. Y. 361.) In order to relieve Monroe County from this extraordinary burden the Legislature passed chapter 833 of the Laws of 1933, which provided that Monroe County should continue to pay to the Towns the full amount of the Towns' uncollected taxes, but also provided that the Towns should repay to the County the amounts so advanced by it to the respective Towns. The statute provided that repayment to the County could be in cash or in Town bonds. The County was authorized to guarantee the payment of the bonds, and to sell them. Thus under the statutory scheme the ultimate tax burden was placed upon the separate towns.

Chapters 861 and 862 of the Laws of 1935 repealed certain portions of chapter 833 of the Laws of 1933 and amended others. The general effect of the 1935 statute, however, was to continue the scheme set up by chapter 833 of the Laws of 1933.

The County of Monroe in these actions seeks to collect from the defendant Towns under the provisions of the statutes above referred to the moneys advanced to the Towns for unpaid taxes. The action was referred to an Official Referee to hear, try and determine and after trial, judgment was rendered in favor of the defendant Towns, upon the decision of the Official Referee.

Upon the trial before the Referee and upon this appeal it has been urged that the statutes in question are in conflict with certain provisions of the State and Federal Constitutions and are otherwise invalid. The Official Referee held that the statutes were valid. It is our conclusion, also, that the statutes in question are not in conflict with either the State or the Federal Constitution and that each of them is a valid legislative enactment.

The plaintiff claims to be entitled to recover the sum of $115,508.46 advanced to the Town of Brighton on December 1, 1933, and also the sum of $84,000 advanced to the Town of Irondequoit on the same date. Section 2 of chapter 833 of the Laws of 1933, is, unless repealed, a sufficient basis for such liability. It is urged, however, on behalf of the respective Towns that such provision for liability was repealed by chapter 862 of the Laws of 1935, and the Referee so found. The 1933 Act became effective October 19, 1933; the 1935 Act became effective May 11, 1935. Under the 1935 Act the Town was made liable to the County for advances made after May 11, 1935, the effective date of the Act. It is also made liable for advances made prior to October 19, 1933, the effective date of the 1933 Act. There is nothing in the 1935 Act which expressly imposes liability on the Towns for advances made by the County between October 19, 1933, and May 11, 1935. Counsel refers to this omission as a hiatus in the 1935 Act.

Section 6 of chapter 861 of the Laws of 1935 expressly repealed sections 8, 9 and 11 of the 1933 Act. Chapter 862 of the Laws of 1935 contains no express provision for repeal of any part of the 1933 Act but provides that sections 1 to 7, inclusive, 10, 12 and 13 of the 1933 Act " shall be deemed to be and shall be hereby amended and re-enacted to read " etc. While the amended sections in the new Act do not follow verbatim the sections of the previous Act, they are substantially the same, except that the 1935 statute omits to cover the period from October 19, 1933, to May 11, 1935. It is clear that under the earlier statute the County was entitled to repayment by the Towns of these sums advanced on December 1, 1933. There is no express repeal here of that part of the section providing for such liability. The liability is found in section 2 of chapter 833 of the Laws of 1933.

The Official Referee decided that the 1935 amendment amounted to a repeal of the entire 1933 Act. He relied upon the rule that where a new statute covers the entire subject matter of a previous statute and where it is plainly intended

as a substitute therefor, it will operate as a repeal of the earlier statute. He relied also on the rule that where the amendatory act purports to set out all of the matter in the original act any matter omitted is to be considered as repealed. There is no doubt that such is the general rule. There is good authority, however, to the effect that it is not an invariable rule, and that the question of whether the omitted portion is repealed rests for its ultimate answer upon the intention of the Legislature. (*Matter of Rochester Water Commissioners*, 66 N. Y. 413, 421, 422; 1 Sutherland on Statutory Construction, § 2015.) Such a repeal as is claimed here is, of course, a repeal by implication. Repeals by implication are not favored and will be upheld only when the repugnancy between the two statutes is plain and unavoidable. (*People ex rel. B. P. Comm.* v. *Common Council*, 229 N. Y. 1.)

The history of the tax situation in the Towns in question makes it appear clear that the purpose of both the 1933 and the 1935 statutes was to relieve the taxpayers of the whole County from the burden of the extraordinary tax· situation created by the Towns in question, and to place that burden upon the political subdivision where the tax money was spent and its benefits enjoyed, namely upon the Towns themselves. The wording of the statutes makes it appear that there was no intention that the 1935 statute was in any way to change the scheme provided for in the 1933 statute. It is apparent that the 1935 statute was to correct what was thought to be a possible constitutional defect in the 1933 legislation. It is difficult to imagine any reason why the 1935 Legislature would want to exempt the Towns from liability for the period between October 19, 1933, and May 11, 1935. Under the terms of the original statute the Towns became liable during that period. The continuance of such liability is not repugnant to any express provision of the 1935 statute, but is consistent therewith. (See *Bank of Metropolis* v. *Faber*, 150 N. Y. 200, 206.)

As we have already stated the County's rights under the 1933 statute remain in force unless the 1935 statute repeals by implication the liability of the Towns during the period in question. Such a repeal would have a retroactive effect and while it may be that the Legislature possesses the power to retroactively cut off the County's rights under the former statute, it is the rule that such retroactive operation is not favored and that a law will not be construed as retroactive unless the act clearly or by express language or necessary implication indicates that the Legislature intended such a retroactive action. (2 Suth-

erland on Statutory Construction, § 2201; *People* v. *Roper,* 259 N. Y. 635.)

The general rule is that " the purpose and policy of a statute are changed only by language expressly or through unavoidable implication effecting that result." (*Woollcott* v. *Shubert,* 217 N. Y. 212, 220.)

The Towns of Brighton and Irondequoit are therefore liable to the County for the amounts advanced to the respective Towns on December 1, 1933, together with interest as provided for by section 2, chapter 833 of the Laws of 1933, for the reason that provision for such liability in the 1933 statute still remains in force and effect.

The Official Referee decided that cancelation of the tax lien by foreclosure was equivalent to a collection of the amount of the lien by the County and that the Town should accordingly be credited with having paid the same.

As we have already seen the Town became liable under the statutes in question to repay to the County either in cash or in bonds, the amount advanced by the County less any and all collection of taxes made by the County. It was provided in both the 1933 and the 1935 statutes that " A bidding in of parcels by or on behalf of the county at the annual tax sale shall not be deemed for the purposes of the act to be included within the meaning of the word ' collections ' as used herein." It is significant that the Legislature made no such provision as to parcels bid in by the County upon tax lien foreclosure. Its omission to do so is indicative of its intention that when the County elects to take title to the property and cancel the tax lien through foreclosure it does constitute a collection, or is at least the equivalent thereof. The probable considerations underlying such a legislative intent are apparent upon examination of the tax laws applying to Monroe County.

The entire control and responsibility for the collection of taxes are in the County. The Towns have no authority to interfere. The County Treasurer is required to hold an annual tax sale and to bid in for the County every parcel for which no other person offers to bid the amount owing. (L. 1884, ch. 107; Tax Law, art. VII-A, added by L. 1939, ch. 692.) The procedure resulting in the bidding in at the tax sale by the County Treasurer does not extinguish the tax lien. Collection of the tax is still a possibility within the redemption period, and the Town may receive credit therefor. (L. 1935, ch. 862, § 2, subds. (a), (b), § 5.) Under such circumstances it seems reasonable that the Legislature should provide as it did that a bidding in of

the parcels by the County at the annual tax sale should not be deemed a collection.

The situation is not the same, however, upon tax lien foreclosure. While the County is mandated by the statute to hold the annual tax sale and bid in, where no other bidder bids the amount due, the County is not compelled to foreclose the tax lien. It may elect to do so by resolution of its Board of Supervisors. When the County elects to foreclose, such foreclosure results in the cancelation of the tax lien, so that all further opportunity to collect the tax for the benefit of the Town is forever lost. The present tax foreclosure statute for Monroe County provides in part as follows: '' All real property heretofore or hereafter conveyed to the county of Monroe, pursuant to a judgment in any action brought as herein or as heretofore provided for the foreclosure of taxes, tax liens, and liens of certificates of sale in Monroe County, shall be deemed, from the date of such conveyance to the county of Monroe, and during the time the said county of Monroe shall continue to be the record owner thereof, to be owned, possessed and held by said county of Monroe for a public use, and shall have the same exemptions from taxation accorded the real property of a municipal corporation held for a public use.'' (L. 1938, ch. 440, § 9.) Under such circumstances the Legislature might very well have had in mind that the County would ultimately sell the property for at least the amount of the tax assessed against it, plus interest, costs, etc. (*Town of Amherst* v. *County of Erie,* 260 N. Y. 361, 375.) In any event the Legislature did not provide that when the County takes title by tax foreclosure it shall not be deemed a collection, as in the case of parcels bid in by the County at the annual tax sale. The Legislature must have concluded that there was no reason in fairness and justice for it to provide that the County could take title to the taxed lands by foreclosure, remove the only source from which the Town could ever receive the tax moneys, and at the same time collect from the Town the amount of the tax.

The suggestion is made that an adjustment between the Town and the County can be had and the Town reimbursed if and when the County sells the property to which it has taken title by tax foreclosure. I can find nothing in the statutes upon which the Town could make a legal claim to the proceeds of such a sale or which would authorize the County to part with such proceeds, or any part thereof. There is not the slightest indication in the foreclosure statute that the County's title upon foreclosure, or the proceeds of any sale which it might later make is subject to any claim on the part of the Towns.

The Town is entirely dependent upon the County to collect the unpaid tax. It can do nothing itself by way of collecting it. When the County elects to take title by foreclosure to the property subject to the unpaid tax and to cancel the tax lien, the Town's last chance of recovering the unpaid tax or to secure credit for it is ended, unless such procedure on the part of the County is deemed to result in a "collection." It would be unjust and result in what would amount to a double collection for the County to take title to the property, hold it tax exempt, cancel the tax lien and still be able to enforce collection of the amount of the unpaid tax from the Town. There is no reason to imply such an intent upon the part of the Legislature. We agree with the Official Referee that foreclosure and cancelation of the tax lien constitute a "collection" within the meaning of chapter 862 of the Laws of 1935 and that the Towns should have credit therefor.

We have given careful consideration to the remaining points presented upon this appeal and it is our conclusion that they were correctly decided by the Official Referee.

The judgments in the actions against the Towns of Brighton and Irondequoit should both be modified by striking therefrom that part of each judgment which provides in effect that chapter 833 of the Laws of 1933 was repealed by chapters 861 and 862 of the Laws of 1935, and by inserting in each judgment a provision that chapter 833 of the Laws of 1933 was not repealed but was amended, re-enacted and continued in modified form in chapters 861 and 862 of the Laws of 1935. It appears from the evidence, however, that by reason of the collection of taxes by the County Treasurer and the cancelation of taxes, interest, and penalties, and the foreclosure of tax lien certificates, the Towns of Brighton and Irondequoit are entitled to credits in excess of their respective liabilities to the County, including the payments which each received on December 1, 1933. The judgments should therefore be affirmed as modified, without costs.

The judgment in the action against the Town of Pittsford should be affirmed, without costs.

In each action: All concur, except DOWLING and LARKIN, JJ., who dissent and vote for reversal of so much of the judgment as dismisses the complaint and credits the defendant with penalties waived and not collected by the County of Monroe and with the amount of the tax liens canceled by foreclosure and vote for judgment for the plaintiff for the amount demanded in the complaint. Present — TAYLOR, Acting P. J., DOWLING, HARRIS, McCURN and LARKIN, JJ.

In action against the Town of Brighton: Judgment modified on the law in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. The findings of fact have been examined and affirmed. Certain conclusion of law disapproved and reversed.

In action against the Town of Irondequoit: Judgment modified on the law in accordance with the opinion and as modified affirmed, without costs of this appeal to either party. The findings of fact have been examined and affirmed. Certain conclusions of law disapproved and reversed.

In action against the Town of Pittsford: Judgment affirmed, without costs of this appeal to either party. [See amended decision, 268 App. Div. 1024.]