In the Matter of STANLEY S. CORWIN, Petitioner, against BOARD OF ELECTIONS OF THE VILLAGE OF GREENPORT, Respondent.

Supreme Court, Special Term, Suffolk County, February 19, 1947.

*Edward T. Costello* for petitioner.

*Frank J. McMann* for respondent.

SWEZEY, J. This application by order to show cause seeks to restrain the Board of Elections of the Village of Greenport from placing on the ballot for the coming village election the names certified to the said board as the candidates of the Republican Party on the ground that the caucus at which the nominees were selected was illegal.

On the argument it was agreed that the question to be decided here is: Was it necessary under section 143 of the Election Law for a person to have been enrolled in order to be eligible to vote at said village party caucus? The court will confine itself to the determination of this question only.

Section 143 of the Election Law, as enacted by chapter 588 of the Laws of 1922, made " Special provisions affecting unofficial primaries in cities, and town and village caucuses." It contained among other things a provision that: " No person shall participate in such an unofficial primary in any city unless he is an enrolled party voter * * *, and the rules of the county committee in which the town is located may make the same requirement with respect to a caucus for the nomination of candidates for town offices. * * * Subject to the foregoing provisions, the county committee of the county containing the city, town or village may prescribe rules governing the conduct of the unofficial primaries and caucuses described in this section."

In *Matter of Waldo* (139 Misc. 510) this section was construed by the Supreme Court of Madison County in 1931. It was therein sought to have a certificate of nomination for village officials vacated and a caucus nominating them declared void on the principal ground that electors who were not enrolled were permitted to vote. Justice PERSONIUS held that under section 143 of the Election Law as it then stood, voters at a caucus to nominate candidates for village office did not have to be enrolled, and that a requirement of the Republican County Committee of Madison County that such voters had to be enrolled was contrary to the legislative intent as indicated in section 143 and therefore of no effect. At pages 511–512 he said: " The Legislature having provided that only enrolled party voters may participate in a *city* primary, and that a county committee may

make the same requirements with respect to a *town* caucus, and the Legislature having failed to provide that only enrolled party voters can participate in a *village* caucus, and having failed to provide that the county committee may make such requirements with respect to a village caucus, it is a fair inference that the Legislature did not intend to require, or to permit the county committee to require, that an elector must be enrolled in order to participate in a *village* caucus. Evidently it was the intent of the Legislature to permit any elector affiliated with a particular party, whether enrolled or unenrolled, to vote at its village caucus. True, section 143 also authorizes the county committee to prescribe rules governing the conduct of both town and village caucuses, but such authority is ' subject ' to the earlier provisions of the section. If the Legislature had intended by the last sentence of section 143 to authorize the county committee to limit participation in all caucuses to enrolled voters, it would have been unnecessary to insert earlier in the section the express provision authorizing such committees to make such limitation with respect to town caucuses.''

Section 143 was amended by chapter 238 of the Laws of 1934 (eff. April 19, 1934), and added the provision that '' no person shall be permitted to vote at such unofficial primary or caucus '' (i.e., town or village) '' unless he is an enrolled member of the political party conducting such unofficial primary or caucus, as shall appear from a transcript of the enrollment from the register.''

At the same session, by chapter 585 of the Laws of 1934 (eff. May 12, 1934), the Legislature again amended section 143, dropping the language last quoted. Chapter 585 made a further significant change by adding in the sixth and eighth sentences of section 143, immediately after the word '' town '' in each instance, the words '' or village ''. That is, the Legislature authorized the county committee to make the same provision as to town or village primaries or caucuses as the Legislature itself made with respect to city primary, i.e., that the participants therein must be enrolled party members.

This goes a step further than the effective decision in the *Waldo* case (138 Misc. 510, *supra*), but the situation is still within the reasoning thereof. Under the statute as then existent the Legislature, by necessary inference (it was held) manifested a purpose that the party participants in a village caucus need not be formally enrolled, but permitted party county committees in the case of town primaries or caucuses to prescribe whether

they should be required to be so enrolled or not. By the latest amendment to section 143 (L. 1934, ch. 585), the Legislature has now empowered the county committee to so prescribe, not only with respect to town caucuses, but to village caucuses. The county committee having made no specific requirement on this point, then it is my view, by parity of reasoning with the *Waldo* case, that such participants in village caucuses do not have to be formally enrolled. The Legislature makes that specific requirement with respect to city primaries. It is a fair inference that if the Legislature wanted to have such qualification apply to town and village caucuses it would have said so, instead of leaving it to the discretion of the party county committee.

It is a fair inference that the Legislature having, indeed, made just such a requirement by its enactment of chapter 238 of the Laws of 1934 and, almost immediately thereafter having eliminated it (L. 1934, ch. 585), reiterated its purpose to leave this matter to the regulation of the county committees.

To hold otherwise (and say that the language of chapter 238, eliminated in chapter 585, in fact remains, under some theory of statutory construction) would result in inconsistent language and inconsistent purpose in the law as it now stands. It would be tantamount to holding that the Legislature in the sixth sentence of section 143 permitted the county committee to say whether or not participants in a town or village caucus would have to be enrolled, whereas in the eighth sentence thereof it nullified such permission by itself requiring that such participants be enrolled. An inconsistent or absurd purpose is not to be attributed to the Legislature. (*American Dock Co.* v. *City of New York,* 174 Misc. 813, affd. 261 App. Div. 1063, which was affd. 286 N. Y. 658; *Garramone* v. *Simmons,* 177 Misc. 330, 333; *Jewish Hospital of Brooklyn* v. *" John Doe "*, 252 App. Div. 581, 587; *Matter of Ross* v. *Cohen,* 175 Misc. 43, 47.)

It is a general rule of statutory construction that " where the amendatory act purports to set out all of the matter in the original act any matter omittted is to be considered as repealed." (See *County of Monroe* v. *Town of Brighton,* 268 App. Div. 484, 489.)

Petitioner's application is accordingly denied.