In the Matter of FRANCIS J. OFFERMANN, JR., Petitioner, against GILBERT B. DODGE, as Village Clerk of the Village of Williamsville, Respondent.

Supreme Court, Special Term, Erie County, March 15, 1955.

*Francis J. Offermann, Jr.,* petitioner in person.

*Charles C. Burney, Jr.,* for respondent.

FISHER, J. Petitioner, the vice-chairman of the Democratic Committee of the Town of Amherst, Erie County, New York, seeks an order to compel the village clerk of the Village of Williamsville to place the name of the Democratic party and the names of the so-called Democratic candidates which he claims were nominated by the party, in the top position on the official voting machines to be used in the coming village election.

It is further claimed that on the 21st day of February, 1955, the Town of Amherst Democratic Committee filed a certificate of nomination with the village clerk of the Village of Williamsville, placing in nomination thereby candidates for the offices of Mayor and trustees of the Village of Williamsville, which offices will be filled by a village election to be held in the village of Williamsville on the 15th day of March, 1955; that pursuant to section 103 of the Election Law of the State of New York, the village clerk of the Village of Williamsville accepted the afore-mentioned certificate of nomination, and there having been no objections made to such certificate of nomination has caused the names of the candidates nominated thereby to be printed upon the appropriate official ballot and inserted into the official voting machines; that the Civic Pride party has also nominated candidates for the offices of Mayor and trustees of the Village of Williamsville,

which offices are to be filled by the election above mentioned, and the village clerk of the Village of Williamsville has caused the names of the candidates so nominated by the Civic Pride party to be printed upon the appropriate official ballot and inserted into the official voting machines; that when inserting the names of the candidates nominated by the Democratic party and the candidates nominated by the Civic Pride party into the official voting machines, the village clerk of the Village of Williamsville caused the name of the Civic Pride party and the names of the candidates nominated by that party to be placed above the name of the Democratic party and the names of the candidates nominated by that party; that the Civic Pride party, by the terms of the provisions of subdivision 4 of section 2 of the Election Law of the State of New York, is not a party within the meaning of the provisions of the Election Law but by the provisions of subdivision 10 of section 2 of the Election Law of the State of New York, is an independent body within the meaning of the Election Law of the State of New York.

It is further claimed by the petitioner that unless the village clerk of the Village of Williamsville is ordered to place the name of the Democratic party and the names of the candidates nominated by that party on the top of the voting machines and above the Civic Pride party and the candidates nominated by that party when inserting the official ballots in the official voting machines, many voters of the village election to be held on March 15, 1955, will become confused and be under the impression that the Civic Pride party is a party within the meaning of the Election Law and that the candidates nominated by the Democratic party will thereby be prejudiced.

There is no doubt that the Democratic party is a party within the meaning of subdivision 4 of section 2 of the Election Law and that if its candidates were duly selected in accordance with the rule of that party, its candidates should take a place on the ballot or the machine above the candidates of the Civic Pride party, an independent body within the meaning of the law, but the petition has failed to allege and show that the rules of the Democratic party permit the town committee to select candidates for election to village office. There is no claim that the candidates selected were indorsed by the Democratic county committee in accordance with its rules or by the Democratic village committee. There is no claim that any of the Democratic village committeemen were present at the Democratic town committee meeting and took any part in the indorsement of these candidates. In fact, there is nothing to show what the rules of the

Democratic county committee were in regard to the selection of the candidates for village elections.

Subdivision 5 of section 131 of the Election Law gives the county committee the right to make rules regulating the nomination of village officers under the party name (*Matter of Clary* v. *Humphrey,* 124 Misc. 529; *Fournier* v. *Jones,* 232 App. Div. 830).

It is to be noted that the petitioner herein filed a certificate of designation or nomination within the meaning of section 103 of the Election Law with the village clerk. This section reads as follows: " § 103. *Placing names upon ballot.* If the officer or board with whom or which are filed petitions or certificates of designation or nomination shall find that such petitions or certificates are in compliance with this chapter, the names of the candidates thereby designated or nominated shall, unless otherwise ordered by a court or judge of competent jurisdiction, be printed upon the appropriate official ballot; but any petition filed with the secretary of state, or any city, town or village clerk or any independent nominating petition filed with any board of elections outside of the city of New York shall be presumptively valid if it is in proper form and appears to bear the requisite number of signatures, authenticated as prescribed in this chapter."

No objection was filed as enumerated in section 145 of the Election Law and in the words of the section, the following would apply: " no objections having been filed, when a determination is made that a certificate or petition is insufficient, such officer or board shall give notice of the determination forthwith by mail to each candidate named in the petition or certificate, and, if the determination is made upon objections, to the objector."

The clerk by making no determination that the certificate was insufficient under the statute, has accepted it as sufficient. He has determined by his acceptance that the candidates thereon are the candidates of the Democratic party and as candidates of the Democratic party, the only recognized party on the ballot other than the independents, the candidates of the Democratic party are entitled to the top row on the machines or the first place on the ballot.