In the Matter of LOUIS J. BATES et al., Respondents, *v.* THEODORE H. LANG et al., Constituting the Department of Personnel, Civil Service Commission of the City of New York, Appellants; THOMAS D. STEWART, JR., et al., Intervenors-Appellants.

First Department, December 13, 1966.

*Patricia Zeserson* of counsel (*Seymour B. Quel* with her on the brief; *J. Lee Rankin, Corporation Counsel*), for appellants.

*Samuel Resnicoff* for respondents.

*A. Bernard King* for intervenors-appellants.

STEVENS, J. The respondent Civil Service Commission (Commission) and the intervenors appeal from a judgment entered March 23, 1966 which granted petitioners' application and remanded the matter to the Commission for recomputation of the performance ratings of petitioners based upon the performance ratings effective January 1, 1960 and to credit the petitioners accordingly.

The difficulty here arose because the Commission made certain changes in its performance and seniority ratings. The question involved is whether regulations adopted October 20, 1964 by the Commission, effective October 1, 1964, are invalid and not here applicable because not adopted in accordance with the requirements of section 20 of the Civil Service Law, or to express it in a somewhat different manner, may the Commission unilaterally adopt and revise regulations affecting the weight accorded performance ratings and seniority in promotional examinations.

The petitioners, employees of the New York City Transit Authority (Authority), variously employed in different positions at periods beginning November, 1936 and thereafter and presently employed, all successfully competed in a promotional examination for promotion to trainmaster. Prior to October 1, 1964 the regulation in effect allowed 1% for each year of satisfactory service not exceeding 15 years, plus ½% for a permanent member in the competitive class with at least three but less than nine months' service. Seniority credit of ½% a year was allowed up to a maximum of 10 years, or five points. Simply stated, as the result of the changes the maximum performance rating under the new regulation was 5% as contrasted with the former maximum of 15%. The maximum seniority credit allowable under the new regulation was 7½% as contrasted with 5% under the old regulation. The regulation adopted in October, 1964 was published in the City Record prior to November 4, 1964, the date the examination for promotion to trainmaster was open for applications. Notice of the proposed change had been given to the various employee associations prior to their adoption and their comments solicited. None, apparently, were forthcoming.

Performance and seniority comprise the weighted rating and represent 50% of a candidate's final test mark, the other 50%

being represented by the mark achieved in the written examination. Seventy per cent was the automatic base required in each part of the examination, and each successful candidate under the new and old regulations was accorded this automatic base to which were added credits for seniority and past performance.

Petitioners successfully contended below and urge on this appeal that the action of the Commission in adopting the new regulations governing performance ratings was illegal as a matter of law because the procedure required by section 20 of the Civil Service Law was not followed. Even if the new regulation be held valid petitioners assert it is not properly applicable to them by virture of section 185, the Saving Clause adopted as part of the new Civil Service Law by chapter 790 of the Laws of 1958, effective April 1, 1959.

Section 20, Rules, after conferring upon each Municipal Civil Service Commission power to prescribe, amend and enforce suitable rules for carrying into effect the new Civil Service Law provides in pertinent part: '' Such rules, and any modifications thereof, shall be adopted only after a public hearing, notice of which has been published for not less than three days, setting forth either a summary of the subject matter of the proposed rules or modification or a statement of the purpose thereof. * * * The rules and any modifications thereof adopted by a city civil service commission or city personnel officer shall be valid and take effect only upon approval of the mayor * * * and the state civil service commission; provided, however, that where the mayor * * * or other authority, as the case may be, fails to approve or disapprove a rule or modification thereof within thirty days after the same has been submitted to him, such rule or modification thereof shall be deemed to be approved by him. * * * Any such rule or modification thereof shall be filed with the secretary of state within thirty days after final approval thereof by the state civil service commission. Such rule shall have the force and effect of law.'' Subdivision 2 above quoted was derived from subdivision 2 of former section 11 (as amd. by L. 1921, ch. 653, and so numbered by L. 1923, ch. 177, and amended by L. 1941, ch. 933, and repealed by L. 1958, ch. 790; see Historical Note, McKinney's Cons. Laws of N. Y., Civil Service Law, § 20).

Subdivision 2 of section 11 of the old Civil Service Law (L. 1941, ch. 933) provided: '' Such rules so prescribed and established, *and all regulations for appointment and promotion in the civil service* of said cities and any subsequent modification thereof * * * shall be valid and take effect only after a public hearing, notice of which has been published for not less

than three days, setting forth a summary of the subject matter of such proposals and upon the approval of the mayor or other duly authorized appointing authority of the city and of the state civil service commission.'' (Emphasis supplied.)

Contrasting section 11 with section 20 of the present law, it is noted that '' regulations '' while included in the prohibition of section 11, are not included in section 20 with respect to the procedural ban of public hearings and mayoral approval before adoption. (Cf. Civil Service Law, § 25, subd. 1, par. [a], dealing with the powers of the State Civil Service Commission. The Legislature there retained both terms,—'' rule '' and '' regulation '' indicating thereby it recognized a distinction.)

It is a general rule of construction that upon '' the repeal of a statute and its re-enactment in another form, such clauses in the earlier acts as are not retained '' in the newly enacted statute are deemed repealed by necessary implication. And where a later statute covers the whole subject, the Legislature evidently intended the new law to be the only law on the subject. Consequently the old law is necessarily repealed by implication (see McKinney's Cons. Laws of N. Y., Statutes, §§ 373, 399; *City of Buffalo* v. *Lewis,* 192 N. Y. 193). We do not have here the instance of conflicting statutes applicable to the same subject matter (cf. *Woods* v. *Board of Supervisors,* 136 N. Y. 403). Where a statute is amended, as in the present instance (L. 1909, ch. 15, as amd. were amended generally and recodified by L. 1958, ch. 790), a similar rule prevails. That is, the parts of the old act omitted from the new act are impliedly repealed. The change in the phraseology was undoubtedly deliberate. In the resolution of effect to be given statutory changes we consider generally '' the old law, the mischief and the remedy '' (cf. *Woollcott* v. *Shubert,* 217 N. Y. 212; *County of Monroe* v. *Town of Brighton,* 268 App. Div. 484; *Matter of Corwin* v. *Board of Elections of Vil. of Greenport,* 188 Misc. 841). Of course if rights have been acquired under the old statute the new statute might be considered a continuation of the old in order to save such rights. Here, section 185 of the Civil Service Law, expressly provided '' nothing contained in this act shall affect or impair any act done or right accruing, accrued or acquired prior to the time when this act shall take effect, under or by virtue of the provisions of the civil service law as in force immediately prior to the time this act shall take effect ''. The subsidiary question then becomes, did petitioners accrue or acquire vested rights in a particular weighted valuation, so that any change by the Commission would be prohibited by reason of the language of section 185?

Section 52 of the Civil Service Law is devoted to promotion examinations. In reference to factors in promotion it provides: " 2. Promotion shall be based on merit and fitness as determined by examination, *due weight* being given to seniority. The previous training and experience of the candidates, and performance ratings *where available, may* be considered and given *due weight* as factors in determining the relative merit and fitness of candidates for promotion." (Emphasis supplied.) The use of the term " due weight " with respect to seniority and performance credit, rather than the expression of a fixed percentage or predetermined valuation, indicates the legislative intent to accord the Commission the discretion to fix such weight as should be feasible or warranted. In other words such consideration as might be appropriate to the demands, or called for by the circumstances of the case. Fairly read, the command is for consideration of both seniority and performance where available. The use of the language " where available " in conjunction with the generally permissive " may " recognized that in promotions based on merit and fitness after competitive examinations performance ratings might not always be available or, if available, need not necessarily be determinative, but would serve only as a factor to be considered. The absence of a fixed formula, or guidelines of so restrictive a nature as to lead to a fixed formula at any given time, recognized that of necessity the formula would or could be variable. (See Rules of City Civ. Serv. Comm., rules 5.3.2 and 5.3.23.)

The notice or requirement that the rating for performance and seniority is computed only after the examination might reasonably be construed to include the qualification in accordance with regulations or predetermined values existing at the time of the examination. Notice of the change was given in a manner reasonably calculated to reach petitioners prior to the examination and they must be considered to have entered upon the examination without protest and with knowledge of the fact. If the right were fixed and absolute as to weight, and we hold the contrary, there might be a question of waiver. But the rights as to weight are not so fixed and were expressly left open by the language of section 52. The weight to be accorded applied equally to all persons who successfully passed the examinations. It was in no wise discriminatory, and adequate advance notice of the adjustment had been given (see *Matter of Dowling* v. *Brennan,* 284 App. Div. 563; *Matter of Robbins* v. *Schechter,* 7 Misc 2d 436, affd. 3 A D 2d 1010, affd. 4 N Y 2d 935; *Matter of Hymes* v. *Schechter,* 6 N Y 2d 352). Since it is concluded that the Commission had the power to vary the weights upon proper

notice, it follows that petitioners did not acquire a vested right in a particular formula and section 185 of the Civil Service Law does not apply.

Remaining for consideration is the question whether the resolution or regulation is invalid because of procedural defects as required by section 20 of the Civil Service Law.

It has been pointed out that the word " regulations " though present in old section 11, was expressly omitted from section 20, and that the Legislature evidently had a purpose in so doing. While the terms " rules " and " regulations " are frequently used interchangeably, the fact that the old law used both indicates that the Legislature then recognized a distinction and intended that in establishing standards both should be governed by rigidly outlined procedure as a condition precedent to validity. The omission of " regulations " from the requirements of section 20 lends weight to the Commission's argument that subdivision 1 of section 20 (commission powers) and subdivision 2 of section 52 should be read and construed together. The Commission contends the rules of the Commission, which include a power to adopt " suitable regulations to carry out the provisions of the civil service law and rules " (City Civ. Serv. Comm., rule 2.5) and regulations adopted pursuant thereto, go no further than as permitted by the Civil Service Law; that its discretionary adoption of a particular formula is not so unreasonable, arbitrary or capricious as to warrant judicial interference.

It should be noted that duly adopted rules by the Commission have the force and effect of law (Civil Service Law, § 20, subd. 2; *Matter of Woods* v. *Finegan,* 246 App. Div. 271, 273). The Legislature could hardly have intended that every internal change or variation, no matter how slight, which did not transgress the bounds of statutory limitation, must be made in accordance with the requirements of section 20 of the Civil Service Law. The same minimum weight, i.e. 50%, was accorded in examinations under the old law as is accorded under the new law. The adoption of the weighting formula under attack merely changed the weighting of the subsidiary elements making up the minimum weight. The record indicates that the changes in the performance ratings were designed to eliminate certain undesirable features which had been the subject of criticism, a proper objective. And the weighting formula adopted recognized both seniority and performance as required by subdivision 2 of section 52 of the Civil Service Law. The competitive nature of the examination itself was not altered. The Commis-

sion acted within the scope of its discretionary powers (cf. *Matter of Immediato* v. *Kern,* 278 N. Y. 680).

Petitioners cite and place great reliance upon *Matter of Corrigan* v. *Joseph* (304 N. Y. 172). In that case, decided in 1952, referring to the mandate contained in subdivision 2 of section 11 of the Civil Service Law, the court pointed out " that Municipal Civil Service Commission rules and regulations, and modifications thereof, ' shall be valid and take effect *only * * * upon the approval of the mayor * * * and of the state civil service commission* ' " (p. 185). The then existing statute (old § 11, subd. 2) specifically included " regulations." Section 20, the successor statute, omits " regulations ", so the case may not be considered authority for petitioners' argument as to regulations. Certain of the petitioners urge that they should retain or be entitled to the performance and seniority ratings given them in a previous promotional examination for trainmaster. They were then rated under the 1960 formula. That list has expired and they could not acquire a vested right to the claimed rating on an expired list (*Brown* v. *Craig,* 209 App. Div. 11; *Matter of Woods* v. *Finegan, supra*).

In sum, the action of the Commission is not palpably illegal and, indeed, appears to have been taken in good faith within the scope of its discretionary powers after adequate notice had been given. It is concluded also that CPLR 217 is not a bar to this proceeding.

The judgment appealed from should be reversed on the law, the facts having been considered, and the petition dismissed, without costs or disbursements to either party.

BREITEL, J. P., STEUER, CAPOZZOLI and WITMER, JJ., concur.

Judgment unanimously reversed, on the law, the facts having been considered, without costs or disbursements to any party, and the petition dismissed.