Per Curiam.

This proceeding involves a challenge to the designation by the State Executive Committee of the Liberal Party of petitioners Theresa B. Cooke and John C. Earner as candidates for the offices of County Executive and County Comptroller of Albany County, respectively.
The principal issue is whether, at the time the designations were made, the State Executive Committee was authorized to make such designations.
Article VIII (§ 9, subd [d]) of the Rules and Regulations of the Liberal Party of the State of New York provides in relevant part that "the state executive committee, may * * * authorize the designation, nomination or substitution of a person as a candidate for any office who is not enrolled as a member of the Liberal Party * * * in the case where: * * * 3. The designation, nomination or substitution is for an office to be voted upon by the electors of a political subdivision wholly contained within a county wherein no county committee of the Liberal Party is organized or exists ”. (Emphasis supplied.)
Since no organizational meeting of the County Committee was held as required by subdivision 1 of section 15 of the Election Law no County Committee of the Liberal Party was organized at the time of the designations.
Whether a County Committee existed at the time of the designations depends on whether the committee was legally constituted. Subdivision 1 of section 12 of the Election Law provides for the election of two county committeemen from each election district in the county. A County Committee is *837 "legally constituted” if 25% of that number are actually elected (Election Law, § 12, subd 2). Since Albany County has 270 election districts, this section required the election of 135 committeemen in order for the County Committee, to be legally constituted. Prior to the primary election held in September, 1974 designating petitions for 140 county committeemen of the Albany County Liberal Party were duly filed with the Board of Elections. However, eight of these designees filed written declinations. Seven of these were accepted and approved by a majority vote of the Board of Elections on July 24, 1974, even though six of the declinations contained technical deficiencies. That action by the board was not challenged and is now, because of the passage of time, unassailable. Therefore, since only 133 committeemen were duly elected, two fewer than the required number, the County Committee was never legally constituted.
Thus, we conclude that no County Committee was "organized or exist[ed]” within the meaning of the party’s rules and regulations and that the State Executive Committee therefore acted within its powers in designating petitioners Cooke and Earner.
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed, without costs.