■ In the Matter of PAUL BOLLAND, Appellant, v COMMISSIONERS OF ELECTIONS OF THE COUNTY OF WYOMING, Respondents.—Order unanimously reversed, without costs, and petition granted. Memorandum: Petitioner, an enrolled voter and member of the Conservative Party in the Town of Middlebury, sought and received from the State Executive Committee of the Conservative Party of New York the Conservative Party nomination as candidate for the office of Councilman of the Town of Middlebury. No nominating petition was circulated, nor was there held any caucus of Conservative Party members in Middlebury. Based on its reading of subdivision 5 of section 131 of the Election Law, the Board of Elections of Wyoming County rejected the nomination on the ground that the nomination was not made by an organized county or town committee of the Conservative Party in Wyoming County. Special Term affirmed the determination of the board, ruling that subdivision 5 of section 131 of the Election Law requires that party nominations for town offices be made exclusively through selection procedures adopted by the county committee or, absent such procedures, in accordance with "existing practice within the county." We do not agree. The hearing before Special Term revealed that there was no organized town

committee of the Conservative Party present in Middlebury, nor was there any organized county committee in existence in Wyoming County. Moreover, there was no evidence presented at the hearing of an "existing practice" in Wyoming County for the nomination of Conservative Party candidates for town office. Subdivision 5 of section 131 of the Election Law invests county committees with the responsibility for the adoption of rules governing the selection of party candidates for town office and, absent such adoption, requires that selection be made in accordance with "existing practice" of the nominating party in the county (*Matter of Clay v Humphrey,* 124 Misc 529). In the event that no duly organized county committee of a party exists and no "existing practice" at the local level has been established, the State party may, if its rules and regulations so provide, validly nominate candidates for town office (*Matter of Cooke v Donohue,* 37 NY2d 835). In the instant case, the rules and regulations of the Conservative Party, which were filed with the Wyoming County Board of Elections, grants the State Executive Committee such power. Article IV of the rules provides that in those counties in which no county committee exists, the State Executive Committee shall "exercise and discharge, within such counties, all of the powers, functions and duties of a county committee." Article IX, which deals with nominations of party candidates for public office, explicitly grants the State Executive Committee a residual power of nomination. Since no Conservative Party county committee nor any established practice of nomination by the Conservative Party existed in Wyoming County, the State Executive Committee validly exercised its residual power of nomination in choosing petitioner as the Conservative Party candidate for Town Councilman of Middlebury. (Appeal from order of Wyoming Supreme Court—Election Law.) Present—Marsh, P. J., Cardamone, Dillon and Witmer, JJ. (Decided Oct. 25, 1977.)