■ UNIFORMED FIREMAN'S BENEVOLENT ASSOCIATION, INC., et al., Appellants, v. F. RUSSELL HERTEN et al., Constituting the CIVIL SERVICE COMMISSION OF THE CITY OF WHITE PLAINS, Respondents.— In an action to declare the legal rights and relations of the parties; to determine whether the defendants had the power to extend the duration of a civil service list; to determine whether an appointment from said extended list would be valid; and for other relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County, entered January 20, 1965, which granted the defendants' motion, made pursuant to statute (CPLR 3211, subd. [a], par. 7), and which dismissed the complaint on the ground that it fails to state a cause of action. Order reversed, without costs, and judgment directed in favor of the defendants, without costs, declaring that subdivision 2 of rule 11 of the Rules of the Civil Service Commission of the City of White Plains is valid; that the extension of the duration of the list pursuant to said rule was valid; and that an appointment pursuant to said list as extended would be valid. Section 56 of the Civil Service Law provides as follows: "The duration of an eligible list shall be fixed at not less than one nor more than four years. An eligible list that has been in existence for one year or more shall terminate upon the establishment of an appropriate new list, unless otherwise prescribed

by the state civil service department or municipal commission having jurisdiction." Section 20 of the Civil Service Law provides for the adoption of rules by Municipal Civil Service Commissions to effectuate the provisions of the Civil Service Law and the provisions of section 6 of article V of the State Constitution. Such rules, when properly adopted, have the force and effect of law (*Matter of Adler* v. *Lang*, 21 A D 2d 107, 111; *Matter of O'Brien* v. *Lang*, 18 A D 2d 140, 143, affd. 13 N Y 2d 688). The modification of a rule by a City Civil Service Commission does not take effect until approved by the State Civil Service Commission (Civil Service Law, § 20). In 1959 the Civil Service Commission of the City of White Plains incorporated without change a provision of the Model Civil Service Rules for Municipalities into its own rules. Subdivision 2 of rule 11 as thus adopted provides that: "The date of the establishment of a list shall be the date fixed therefor by Commission resolution, and shall be entered on such list. The duration of all eligible lists shall be fixed by Commission resolution prior to the establishment of such lists, but shall not be less than one nor more than four years. The date of establishment of a list and its duration shall be given to all successful candidates at the time when notice of standing on the eligible list is given to such candidates. *Where the duration of an eligible list is fixed at less than four years, the Commission may, by resolution, prior to the expiration date of such list, extend the duration of the list up to the maximum limitation of four years, provided that eligibles on such list are notified in writing of the extension of the eligible list.*" (Emphasis added.) On March 19, 1962 the defendants promulgated a civil service promotion list containing four names for the position of Deputy Fire Chief and fixed the duration of the list for a period of two years, to terminate on March 19, 1964. On March 9, 1964, when only one name remained on the list, the defendants adopted a resolution extending the duration of the list for one year, until March 19, 1965, and duly notified the remaining candidate on the list of such extension. In our opinion, the aforesaid rule was not in violation of the Civil Service Law or of the State Constitution (cf. *Matter of Adler* v. *Lang*, 21 A D 2d 107, 111, *supra*; *Matter of Wittekind* v. *Kern*, 170 Misc. 939, affd. 256 App. Div. 918, affd. 281 N. Y. 701). Nor was the resolution pursuant to said rule, extending the duration of the list, arbitrary, capricious, unreasonable or without a reasonable argument to justify it (cf. *Matter of Murray* v. *McNamara*, 303 N. Y. 140, 144; *Matter of Wirzberger* v. *Watson*, 305 N. Y. 507, 513; *Matter of Hens* v. *Colucci*, 14 N Y 2d 816). Therefore, an appointment pursuant to the list, as extended, would be valid. The defendants attached an affidavit in support of their motion to dismiss the complaint as insufficient; the plaintiffs submitted an opposing affidavit, and the court passed upon the validity of the rule. In effect, the parties and the court treated the motion as one for summary judgment, in which there were no issues of fact (see CPLR 3211, subd. [c]). We agree with the decision of the learned Special Term insofar as it held that both the rule and the extension of the list were valid. But, in our opinion, under the circumstances here, the court should not have dismissed the complaint as insufficient (*Foley* v. *D'Agostino*, 21 A D 2d 60, 62–63; CPLR 3017, 103, subd. [c]; cf. Borchard, Declaratory Judgments [2d ed.], pp. 425–427). The court should have granted a declaratory judgment in favor of the parties entitled to a judgment in their favor (CPLR 3017, 103, subd. [c]; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45; *German Masonic Temple Assn.* v. *City of New York*, 279 N. Y. 452). Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.