John T. Casey, J.
The motion by the defendant and cross motion by the plaintiffs for summary judgment in this declaratory judgment action test the constitutionality of certain rules adopted by the commission, as amended on August 9, 1976, concerning the disclosure of private financial holdings of their public employees.
The rules are claimed by the defendant to implement appropriately subdivision 3 of section 74 of the Public Officers Law which provides in paragraph g "[a]n officer or employee of a state agency should abstain from making personal investments in enterprises which he has reason to believe may be directly involved in decisions to be made by him or which will otherwise create substantial conflict between his duty in the public interest and his private interest”, and in paragraph h "[a]n officer or employee of a state agency * * * should endeavor to pursue a course of conduct which will not raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust.” Because the Legislature has so decreed, the rules of the commission must be consonant with the enactment or must fail on the grounds of pre-emption.
According to the imprimatur, the rules are intended to avoid conflicts of interest and even the appearance thereof by employees of the Public Service Commission and Department of Public Service who are much in the public eye and who must inspire public confidence. The rules prohibit the covered employees and their spouses and minor children from holding stocks, bonds or other interests direct or indirect in public utility corporations or in companies which derive 25% of revenues from supplying equipment to such utilities, and the major suppliers who do so are specifically named in the rules. No exemptions are allowed for holdings in the utility itself *75 except for the holdings of a spouse or minor child. Exemptions may be applied for by the employee if his holdings are in the companies supplying the equipment to the utilities. No disclosure is required at all, if the employee or those about to commence employment divest themselves of such holdings and sign a sworn certification that they are in compliance. In the alternative, an exemption may be sought by disclosing to the secretary of the commission only the names of the companies in which they have holdings that threaten a conflict of interest and obtaining permission to keep them.
Contrary to the plaintiffs’ claim these rules do not require an indiscriminate public disclosure of all holdings of every employee covered by the rules so as to invade constitutional privacy. No disclosure is required if there is private compliance, and disclosure is only required in a questionable situation in which the employee desires to retain his holdings or that of his spouse or minor child and then the disclosure is only required to be made to the secretary of the commission for a ruling thereon. If this ruling is unsatisfactory to the employee it can be reviewed by appropriate judicial process. Therefore, there is no lack of due process in the enforcement procedure.
There has always been a compelling State interest in the financial privacy of its employees and a limited intrusion has always had more latitude than in that of a private citizen. However, there must be a proper balancing of legitimate governmental interest in preventing conflicts of interest on the part of public officials and employees on the one hand and the right of privacy with respect to their personal financial affairs on the other (California Bankers Assn. v Schultz, 416 US 21; City of Carmel-by-the-Sea v Young, 2 Cal 3d 259), and when unnecessary and unreasonable intrusion into the personal privacy of public employees does not occur the statute is upheld. (County of Nevada v Mac Millen, 11 Cal 3d 662.)
The rules herein are not unconstitutionally broad, either in their application or in their required disclosure, i.e., conflict of interest holdings to the secretary of the commission. The procedure affords a method of exemption, the decision of which might itself be judicially reviewed. Intrusion upon privacy is limited to matters of public concern by public employees and no employee is thereby barred from any investment that does not constitute a conflict of interest. (See Evans v Carey, 53 AD2d 109.)
*76 Accordingly, summary judgment is granted to the defendant, the constitutionality of the rules is declared, and the plaintiffs’ complaint is dismissed.