Harold J. Hughes, J.
The plaintiffs are managerial and confidential employees of the State of New York and have brought this action on behalf of themselves and all others similarly situated* to have Executive Order No. 10.1 (9 NYCRR 3.10) issued by the defendant, Governor Hugh L. Carey, declared unconstitutional and to permanently enjoin its enforcement. They have moved for a preliminary injunction, and defendants have cross-moved for summary judgment dismissing the amended complaint.
The terms of the Executive Order, issued on October 22, 1976, correspond to those in Executive Order No. 10 which was limited to State employees in policy-making positions or earning $30,000 or more in exempt, noncompetitive or unclassified positions in departments, the heads of which are appointed by the Governor. The constitutionality of Executive Order No. 10 was upheld in Evans v Carey (53 AD2d 109, affd 40 NY2d —). However, three Judges of the Court of Appeals stated in a concurring memorandum: "Although the opinion of Mr. Presiding Justice John Marsh at the Appellate Division cogently justified on constitutional grounds a statute requiring financial disclosures by public employees and officers, it does not address itself to whether a statute, as distinguished from an 'executive order’, is required to accomplish such objective. But appellants have never contended otherwise and, indeed, none of the parties has briefed that question. Hence, we do not reach it.”
The only issue remaining to be decided by this court, then, is whether the Governor had the power to issue Executive Order No. 10.1. The New York State Constitution vests the Governor with the executive power and places upon him the responsibility to "take care that the laws are faithfully executed” (NY Const, art IV, § 3). The legislative power, the power to make laws, resides in the Senate and Assembly (NY Const, art III, § 1). Defendants contend that Executive Order *430 No. 10.1 is not an exercise of legislative power because the order merely enforces various provisions of the Public Officers Law (§ 73 et seq.). An examination of the statute, however, and various provisions of the Executive Order establishes that the order goes far beyond mere enforcement of the statute: it extends and expands the requirements of the legislation. As a result, Executive Order No. 10.1 is an unwarranted exercise of legislative power and, therefore, violates section 1 of article III of the State Constitution.
A comparison of some of the requirements of the Public Officers Law with the mandates of Executive Order No. 10.1 illustrates the problem. With regard to financial disclosure, the Public Officers Law (§ 74, subd 3, par j) requires any employee of a State agency with a financial interest of $10,000 or more in any activity which is subject to the jurisdiction of a regulatory agency to file with the Secretary of State a written statement that he has such financial interest, which statement shall be open to public inspection. Executive Order No. 10.1 requires that all assets and liabilities of managerial and confidential employees be disclosed. This requirement goes well beyond the narrowly drawn statute requiring limited disclosure to bring to light possible conflicts of interest.
With regard to outside employment, the Public Officers Law (§ 73, subd 2) prohibits employees of State agencies from receiving any compensation for services rendered in connection with any matter before any State agency where the compensation is contingent upon any action by the agency; subdivision 3 of section 73 prohibits employees from receiving compensation for rendering any services against the interest of the State in relation to any case or matter in the Court of Claims; and subdivision 4 of that section states that employees may not sell goods or services having a value in excess of $25 to any State agency unless the sale is made after competitive bidding. Public Officers Law (§ 74, subd 2) generally prohibits employees of a State agency and legislative employees from having an interest in any business which is in substantial conflict with the proper discharge of his duties, and subdivision 3 of that section sets forth more specific standards to carry out that injunction. Executive Order No. 10.1 prohibits all outside employment and engaging in any profession, business or other activity from which compensation, direct or indirect, is derived. It also prohibits service as a director or officer, compensated or not, in any profit-making corporation. *431 Quite obviously, the Executive Order extends, rather than enforces, the statute.
It appears to this court that not only does Executive Order No. 10.1 constitute an illegal exercise of legislative power, but it also violates the expressed intent of the Legislature when it enacted the conflict-of-interest statute. In its declaration of intent, the Legislature stated: "Government is and should be representative of all the people who elect it, and some conflict of interest is inherent in any representative form of government. Some conflicts of material interests which are improper for public officials may be prohibited by legislation. Others may arise in so many different forms and under such a variety of circumstances, that it would be unwise and unjust to proscribe them by statute with inflexible and penal sanctions which would limit public service to the very wealthy or the very poor. For matters of such complexity and close distinctions, the legislature finds that a code of ethics is desirable to set forth for the guidance of state officers and employees the general standards of conduct to be reasonably expected of them.” (L 1954, ch 696, § 1; see McKinney’s Cons Laws of NY, Book 46, Public Officers Law, § 74, 1976-1977 Pocket Part, p 79).
The inflexible proscriptions of the Executive Order are clearly at variance with this declaration of legislative intent. Plaintiffs shall be granted judgment declaring Executive Order No. 10.Í to be unconstitutional and enjoining its enforcement (CPLR 3212, subd [b]).

 It does not appear that plaintiffs have yet moved for permission to maintain a class action (CPLR 902).