Roger J. Miner, J.
This is a proceeding challenging the constitutionality of Executive Order No. 45 (9 NYCRR 3.45), promulgated by respondent Governor on January 4, 1977. The petitioners are organizations of building contractors and labor unions involved in the construction industry in New York State. The proceeding will be converted to an action for declaratory judgment in view of the relief requested. (CPLR 103, subd [c]; Matter of Kovarsky v Housing & Dev. Admin. of City of N. Y., 31 NY2d 184.)
Executive Order No. 45 (9 NYCRR 3.45) provides for the inclusion in all State contracts of a provision that contractors "will undertake programs of affirmative action” (art III, § 3.1, subd [a]) to insure equal employment opportunities. The order requires each contractor, unless specifically exempted, to establish such programs "in accordance with the intent and purpose of this Executive Order, in such form and substance as may be required by rule, regulation or order of the Commissioner of Human Rights.” (Art III, § 3.2.) Affirmative action programs must include "provisions requiring contractors to achieve goals and time tables designed to reflect adequate utilization of minority group persons and women.” (Art II, § 2.9.)
Contractors are required by the order to allow access to their books and records and to file certain reports. Various *533 sanctions are provided for violation of the order or of any regulations or orders adopted by the Commissioner of Human Rights thereunder. These sanctions include withholding of contract payments, termination or suspension of the contract and a declaration of ineligibility for future contracts for a two-year period. An Office of State Contract Compliance is established under the direction of the Commissioner of Human Rights to "administer these provisions and coordinate implementation and enforcement of this Executive Order.” (Art I, § 1.1.)
Respondents move to dismiss the petition, contending that it fails to state a cause for relief; they also seek an order "declaring Executive Order No. 45 (1977) to be constitutional.” It is their contention that the order represents a proper exercise of the Governor’s obligation under the State Constitution to enforce the laws prohibiting discrimination in employment, citing sections 290 and 296 (subd 1, pars [a], [c]; subd 1-a; subd 12) of the Executive Law, sections 40-c and 43 of the Civil Rights Law and section 220-e and subdivision 5 of section 815 of the Labor Law. They assert that the contracting power is a source of the Governor’s authority to promulgate the order, that there is a "broad legislative commitment to assure equal opportunity and to eliminate discrimination”, and that Federal laws and regulations relating to Federal funding of State projects mandate affirmative action programs.
Where an executive order extends and expands requirements of statutes, it does not serve the enforcement function and therefore constitutes an unwarranted exercise of legislative power. (Rapp v Carey, 88 Misc 2d 428, affd 58 AD2d 918.) The court is unable to perceive any significant distinction between the case at bar and Matter of Broidrick v Lindsay (39 NY2d 641) which involved a similar executive order promulgated by the Deputy Mayor of the City of New York. It was there held (pp 645-646) that "legislation prohibiting discrimination in employment * * * requires executive enforcement * * * Yet, executive action in enforcing such legislation may not go beyond stated legislative policy and prescribe a remedial device not embraced by the policy”.
Although the word "quotas” is not included in the order under attack here, the Division of Human Rights is empowered to prescribe "goals and timetables” for minority hiring by contractors. (Art II, § 2.9.) The division is thus afforded broad authority, beyond any legislative mandate, to establish em *534 ployment proportions and percentages. "But mandating percentages displaces the standard of individual merit with a standard that work forces reflect the ethnic composition within the relevant geographic area even if distribution based on merit would produce a different composition.” (Matter of Broidrick v Lindsay, supra, p 647.)
Respondents attempt to distinguish Broidrick from the case at bar by arguing that State law and policy is more extensive than the New York City legislation relating to discrimination. In the opinion of the court the teaching of Broidrick, relating to improper extension of the executive authority, is applicable here. The Legislature has enacted various statutes to proscribe discrimination in employment. It has also established a "remedial device” by establishing an enforcement procedure within the Division of Human Rights. (Executive Law, § 297.) By means of this procedure, complaints of discriminatory practice in employment may be considered on a case by case basis and the Division of Human Rights may fashion appropriate remedial orders. (State Div. of Human Rights v Kilian Mfg. Corp., 35 NY2d 201.)
Finally, it should be noted that the legislative scheme regarding discrimination in employment recognizes affirmative action plans. It is permissible for an employer "to carry out a plan, approved by the division, to increase the employment of members of a minority group (as may be defined pursuant to the regulations of the division) which has a statewide unemployment rate that is disproportionately high in comparison with the state-wide unemployment rate of the general population.” (Executive Law, § 296, subd 12.) Clearly, the Legislature has not seen fit to require affirmative action programs and the attempt by the Governor to impose such a requirement is beyond his powers.
The petitioners and respondent division having submitted affidavits in support of their respective positions and both respondents having moved for judgment declaring that Executive Order No. 45 is constitutional, the court will consider the respondents’ motions as motions for summary judgment involving no material issues of fact. (CPLR 3211, subd [c]; Uniformed Fireman’s Benevolent Assn. v Herten, 23 AD2d 788.) Accordingly, summary judgment is granted in favor of petitioners. (CPLR 3212, subd [b]; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3211.42; 6 Carmody-Wait 2d, NY Prac, § 38:39.)