Roger J. Miner, J.
This is a proceeding pursuant to CPLR article 78 to review certain rules promulgated by respondent chairman and the denial of exemptions to petitioners or their spouses and/or minor children from the application of those rules.
Petitioners Nicholas, Grady and Teumim are employed in the communications division of the Department of Public Service. The division is responsible for staff work in connection with the regulation of telephone company rates, service, transfer of property and other matters. Petitioner Nicholas holds the position of chief telephone technician and his duties concern the adequacy of telephone service. Petitioner Grady, an assistant utility engineer, and petitioner Teumim, an associate evaluation engineer, have duties relating to utility investments and expenses. Petitioner Guttman is an associate power research analyst with duties in the research and demand management section of the respondent commission’s office of research. His duties include review of the research programs conducted by utilities and of the technology employed by them; he provides engineering services, prepares reports and is concerned with energy conservation and local management.
On June 8, 1976 the respondent established "Rules with respect to Personal Investments by Employees of the Department of Public Service and the Public Service Commission.” *536 An amendment, promulgated on August 9, 1976, established a lengthy list of companies in which investment was prohibited. These companies are included in the following categories: utility companies subject to the jurisdiction of the commission; utility companies in other States, not subject to the jurisdiction of the commission; companiés which manufacture and/or supply major electric utility equipment; companies which sell utility fuel (oil, natural gas, coal and uranium); companies which manufacture and/or supply telephone terminals and specialized communications common carriers. The foregoing rules also extend to investments of spouses and minor children of employees.
It appears that the wife of petitioner Nicholas holds certain shares of stock in American Telephone and Telegraph Corporation as custodian for the Nicholas’ children under the Uniform Gifts to Minors Act. These shares were acquired before petitioner Nicholas became employed by the department. The wife of petitioner Grady holds shares in American Telephone and in Rochester Telphone Company. These shares were acquired, for the most part, prior to the marriage of the Gradys and prior to the employment of Grady by the department. Petitioner Teumim’s wife owns shares of stock in American Telephone and in Southern New England Telephone Company. These shares were acquired by Mrs. Teumim by way of gift and inheritance from her grandparents. Petitioner Guttman holds shares of General Electric stock acquired during his employment by that company. Respondent chairman has denied requests for exemption in each of the foregoing cases and has directed divestiture of the shares of stock.
In enacting a code of ethics the Legislature prohibited every employee of a State agency from having any financial interest, direct or indirect, "which is in substantial conflict with the proper discharge of his duties in the public interest.” (Public Officers Law, § 74, subd 2.) Each State employee is directed to "abstain from making personal investments in enterprises which he has reason to believe may be directly involved in decisions to be made by him or which will otherwise create substantial conflict between his duty in the public interest and his private interest.” (Public Officers Law, § 74, subd 3, par g.) Each employee is required "to pursue a course of conduct which will not raise suspicion among the public that he is likely to be engaged in acts that are in violation of his trust.” (Public Officers Law, § 74, subd 3, par h.)
*537 The adoption of rules relating to prohibited investments was within the power of respondent chairman. The Legislature, in authorizing the establishment of an advisory committee on ethical standards, authorized advice and assistance to State agencies "in establishing rules and regulations relating to possible conflicts between private interests and official duties of present or former officers and employees.” (Executive Law, § 74, subd 2, par [c].) The Legislature, has thus delegated to State agencies the power to make rules and regulations to implement the code of ethics. (Matter of Levine v Whalen, 39 NY2d 510.) The regulations adopted by respondent chairman do not extend or expand the statutory mandate but merely implement it. (Cf. Rapp v Carey, 88 Misc 2d 428, affd 58 AD2d 918.) Moreover, the rules adopted are not unnecessarily broad, considering the compelling State interest in the subject matter to which they relate. (Dwyer v Kahn, 88 Misc 2d 73.)
American Telephone, through its subsidiary, New York Telephone Company, and Rochester Telephone are supervised companies and ownership of their shares by employees is prohibited by statute. (Public Service Law, § 9.) It is within the authority of the chairman to prohibit the ownership of securities of out-of-State utilities such as New England Telephone, since the actions taken by the Public Service Commission may affect utility rates and performance in other States. Moreover, ownership of such shares creates the appearance of a conflict of interest. General Electric is a leading producer of electrical power equipment and its business may be affected by the regulation of utilities to which it sells its products.
It would frustrate the purpose of any code of ethics to prohibit certain stock ownership by employees but to permit it by the employee’s spouse or children. Respondent’s interpretation of his own rules should be upheld where there is a rational and reasonable basis therefor. (Matter of Howard v Wyman, 28 NY2d 434.) His determination, in the case of each petitioner, was not arbitrary, capricious or an abuse of discretion.
Submit judgment for respondents.