In the Matter of the Arbitration between the BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF KINGSTON, CONSOLIDATED, Appellant, and EDUCATIONAL SECRETARIES OF THE KINGSTON AREA, Respondent.

Third Department, July 6, 1978

**APPEARANCES OF COUNSEL**

*Charles H. Gaffney, P. C. (Francis T. Murray* of counsel), for appellant.

*Bernard F. Ashe (Jack J. Sissman* of counsel), for respondent.

## OPINION OF THE COURT

HERLIHY, J.

The parties entered into a collective bargaining agreement on April 1, 1976 covering the 1976-1977 school year. The agreement contained a grievance procedure culminating in arbitration. Section A of article X of the agreement provided: "A grievance shall mean a complaint by an employee in the bargaining unit, or by a group of employees in the unit, (1) that there has been a violation, misinterpretation or inequitable application of any provision of this agreement in regard to him or (2) that he has been treated unfairly or inequitably by reason of any act or condition which is contrary to established policy or approved practices governing or affecting employees. The term grievance shall not apply to any matter for which a method of review is prescribed by law, or by any rule or regulation of the State Commissioner of Education having the force and effect of law; or in which the Board of Education is without authority to act."

Respondent filed a grievance on behalf of one Jane Black, a typist, alleging that:

"The duties assigned to the Typist at the Vocational Office are those of Senior School Office Manager and do not and cannot stay within the scope of the District's job description of Typist.

"Members of other units in the District are not required by nature of their jobs to assume responsibilities and perform duties outside their job descriptions."

The relief sought by the grievance was that the position be "upgraded" to senior school office manager. The grievance was denied at the first three steps of the grievance procedure and respondent initiated arbitration. The demand for arbitration states: "Jane Black, a typist assigned to the Vocational Office has been required to perform the duties of a Senior School Office Manager, while being compensated as a typist. The grievant seeks appropriate compensation for duties performed and that the District seek to have the position of Typist at the Vocational Office upgrades *[sic]* to Senior School Office Manager."

Petitioner commenced this proceeding, pursuant to CPLR

article 75, seeking to stay arbitration. Special Term dismissed petitioner's application and this appeal ensued.

Although prior cases had exhibited an acceptance of arbitration in regard to public employment as a favored method of resolving disputes such as the instant matter, the court in the recent case of *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. (United Liverpool Faculty Assn.)* (42 NY2d 509, 513-514) adopted the following approach to the threshold question of whether or not the contract provides for arbitration of a particular dispute: "In the field of public employment, as distinguished from labor relations in the private sector, the public policy favoring arbitration—of recent origin —does not yet carry the same historical or general acceptance, nor, as evidenced in part by some of the litigation in our court, has there so far been a similar demonstration of the efficacy of arbitration as a means for resolving controversies in governmental employment. Accordingly, it cannot be inferred as a practical matter that the parties to collective bargaining agreements in the public sector always intend to adopt the broadest permissible arbitration clauses. Indeed, inasmuch as the responsibilities of the elected representatives of the taxpaying public are overarching and fundamentally nondelegable, it must be taken, in the absence of clear, unequivocal agreement to the contrary, that the board of education did *not* intend to refer differences which might arise to the arbitration forum. Such reference is not to be based on implication." (Emphasis in original.)

As quoted hereinabove, the contract provides that "[t]he term grievance shall not apply to any matter for which a method of review is prescribed by law." The petitioner contends that there is a method for the review of the position which the typist occupies in the civil service without resort to the grievance procedure and accordingly, there is no "grievance".

Subdivision 1 of section 20 of the Civil Service Law provides in part as follows: "Each municipal civil service commission shall prescribe, amend and enforce suitable rules *for* carrying into effect the provisions of this chapter and of section six of article five of the constitution of the state of New York, including rules for jurisdictional classification of the offices and employments in the classified service under its jurisdiction, for the position classification of such offices and employments". Rules and regulations duly adopted by a municipal

civil service commission pursuant to this provision have the force and effect of law *(Matter of Albano v Kirby,* 36 NY2d 526, 529; *Matter of Bates v Lang,* 26 AD2d 462; *Uniformed Fireman's Benevolent Assoc. v Herten,* 23 AD2d 788; *Matter of O'Brien v Lang,* 18 AD2d 140, affd 13 NY2d 688).

The City of Kingston Municipal Civil Service Commission has adopted rules, and subdivision 6 of rule XXIII provides that "any employee in the classified service may apply [to the commission] for a reclassification of his position." There is no doubt as to the fact that the local commission of the City of Kingston has jurisdiction over the city school district (Civil Service Law, § 17, subd 2).

It is clear that the contract expressly excludes the instant dispute from the definition of grievance and the agreement does not expressly provide for arbitration of the instant matter. (See *Matter of Acting Supt. of Schools of Liverpool Cent. School Dist. [United Liverpool Faculty Assn.],* 42 NY2d 509, 513, *supra.)* The respondent contends that the demand for arbitration does not seek an actual reclassification of the position but simply to require the petitioner to apply for reclassification. However, that is a distinction without a difference and would negate the clear intention of the Legislature that civil service matters should rest exclusively in the appropriate civil service commissions.

The judgment should be reversed, on the law, with costs, and petitioner's application for a stay of arbitration granted.

GREENBLOTT, J. P., KANE, MAIN and MIKOLL, JJ., concur.

Judgment reversed, on the law, with costs, and petitioner's application for a stay of arbitration granted.